IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DWAYNE GREEN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:20-CV-130 |
| ) | |
| CS UNITEC, INC., ) | |
| NIAGRA MACHINE, INC., and ) | |
| PORTAMIX LTD., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is a Motion to Dismiss by Defendant Portamix, Ltd. ("Portamix"), asserting lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 20.) The Court noticed a hearing on the motion which occurred on April 21,2021, with counsel for all parties present. At the hearing counsel for Plaintiff, Peter F. Asmer, Jr., conceded that Plaintiff could not meet its burden (a *prima facie* showing or otherwise) of establishing that this Court has personal jurisdiction over Defendant Portamix. The Court and Plaintiff's counsel engaged in the following colloquy on the record in open court:

> COURT: So you are acknowledging on the record that you don't have a basis for this Court to exercise personal jurisdiction over Portamix?
>
> COUNSEL: I am, Your Honor.

However, because it is the Court's obligation to determine whether it possesses personal jurisdiction over Defendant Portamix as a matter of law, the Court for the reasons stated below, will grant Defendant's motion to dismiss.

## I. BACKGROUND

This action was initiated by Plaintiff Dwayne Green, Jr., a resident of the state of North Carolina, alleging that he suffered injuries while working on a construction job site where he was responsible for operating a MEGA HIPPO Mixing Station ("Subject Machine").[1] (ECF Nos. 1; 6 ¶¶ 1, 2, 23, 29.) In his Amended Complaint, Plaintiff brings claims against three Defendants: Portamix, a New Zealand company, who designs and manufactures the Subject Machine, (ECF No. 6 ¶¶ 7, 12); CS Unitec, Inc. ("Unitec"), a Connecticut corporation that imports, sells, and distributes the Subject Machine throughout the United States, (*id.* ¶¶ 3, 4); and Niagra Machine, Inc. ("Niagra"), a Pennsylvania company with a satellite office in North Carolina, who sold and shipped the Subject Machine to Plaintiff's employer, (*id.* ¶¶ 5, 6, 20).

Only Portamix filed the instant motion to dismiss all claims against it pursuant to Rule 12(b)(2), arguing that this Court does not have general or specific personal jurisdiction over it. (ECF No. 21 at 5, 8–12.) Plaintiff objects, arguing that this Court has specific jurisdiction over Portamix based on the stream of commerce theory. (ECF No. 24 at 5.)

## II. STANDARD OF REVIEW

A challenge to personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure is a question of law, and the plaintiff bears the ultimate burden of proving jurisdiction. *See Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016); *Carefirst of Md., Inc. v.*

---

[1] According to Plaintiff, the MEGA HIPPO machine "mixes materials in a bucket using an electric motor mounted outside the bucket to turn a shaft and mixing apparatus inside the bucket." (ECF No. 24 at 2.)

2

*Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citation omitted).  The Fourth Circuit has observed that the plaintiff's burden of proof "varies according to the [procedural] posture of [the] case and the evidence that has been presented to the court." *Grayson*, 816 F.3d at 268.

Where the court decides a pretrial personal jurisdiction question without conducting an evidentiary hearing—"reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint"—a plaintiff "need only make a *prima facie* showing of personal jurisdiction" to withstand a jurisdictional challenge. *Id.*  "[A] plaintiff makes a *prima facie* showing of personal jurisdiction by presenting facts that, if true, would support jurisdiction over the defendant." *See Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 561 (4th Cir. 2014) (citing *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003)).  When considering whether the plaintiff has made a *prima facie* showing of jurisdiction, the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* at 558 (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).  Allegations in the complaint are taken as true, however, "only if they are not controverted by evidence from the defendant." *Vision Motor Cars, Inc. v. Valor Motor Co.*, 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013).  If both sides present evidence, "factual conflicts must be resolved in favor of the party asserting jurisdiction for the limited purpose of determining whether a *prima facie* showing has been made." *Id.*

Where, however, the parties have engaged in discovery on the issue of personal jurisdiction and have submitted evidence beyond the pleadings, the court "must hold the plaintiff to its burden of proving facts, by a preponderance of the evidence, that demonstrate

3

the court's personal jurisdiction over the defendant." *Grayson*, 816 F.3d at 268; *see also AARP v. Am. Family Prepaid Legal Corp.*, 604 F. Supp. 2d 785, 797 (M.D.N.C. 2009) (holding the plaintiff to a preponderance of the evidence standard because the parties had engaged in jurisdictional discovery).

### III. DISCUSSION

As a threshold issue, the Court must determine whether Plaintiff need only make a *prima facie* showing of personal jurisdiction to withstand this jurisdictional challenge, as Plaintiff asserts in his Response, (ECF No. 24 at 4), or whether the Court must hold the Plaintiff to the higher burden of proving facts by a preponderance of the evidence. As earlier stated, where a court decides a pretrial jurisdiction question without conducting an evidentiary hearing and "reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint," the general rule is that a plaintiff "need only make a *prima facie* showing of personal jurisdiction" to withstand a jurisdictional challenge. *Grayson*, 816 F.3d at 268. However, though the instant motion is a pretrial motion and no evidentiary hearing has occurred, Plaintiff's counsel conferred with opposing counsel following the filing of Portamix's motion to dismiss and obtained a copy of the Distributor Agreement ("Agreement") between Portamix and its United States' distributor, Unitec. (ECF No. 24 at 3.)

Plaintiff, in his Response, relies almost exclusively on the Agreement exchanged between counsel to support his jurisdictional argument. (*See generally id.*) This Agreement is evidence that goes well beyond the allegations in the Amended Complaint and falls squarely outside of the documents generally considered when a court allows plaintiffs to proceed on the lesser burden. Moreover, though Counsel for Plaintiff makes a conclusory statement that

4

they are not waiving the right to oppose Defendant's motion on any ground including "its arguments that Plaintiff's Amended Complaint already alleges sufficient facts to establish personal jurisdiction over Portamix," (*see* ECF No. 24-1, ¶ 2), Plaintiff fails to make such argument or point to specific allegations in the Complaint to support its personal jurisdictional claim in its Response. Because, however, the Court concludes below that Plaintiff has failed to meet its burden under either standard, the Court need not address this issue further. The Court will now move to its discussion of the merits of Defendant's motion.

    A.    Personal Jurisdiction Generally

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citation omitted). A federal district court can exercise personal jurisdiction over a nonresident defendant only if "(1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits; and (2) application of the relevant long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment." *Universal Leather*, 773 F.3d at 558 (citation omitted). North Carolina's long-arm statute "permits the exercise of personal jurisdiction . . . to the outer limits allowable under federal due process." *Id.*; *Dillon v. Numismatic Funding Corp.*, 231 S.E.2d 629, 630–31 (N.C. 1977) (holding that, by enacting N.C. Gen. Stat. § 1–75.4(1)(d), the North Carolina General Assembly "intended to make available to the North Carolina courts the full jurisdictional powers permissible under federal due process"). The two-prong test, therefore, "merges into [a] single question," allowing the court to proceed directly to the constitutional analysis. *Universal Leather*, 773 F.3d at 558–59.

Under the Due Process Clause of the Fourteenth Amendment, two paths permit a court to exercise personal jurisdiction over a nonresident defendant. *Universal Leather*, 773

5

F.3d at 559. One path is general jurisdiction, "which permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit." *Walden*, 571 U.S. at 283 n.6. The other path is specific jurisdiction, which "depends on an 'affiliatio[n] between the forum and the underlying controversy.'" *Id.* (alteration in original) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Portamix argues in its motion that it is not subject to either general or specific jurisdiction in North Carolina. (ECF No. 21 at 5, 11–13.) Plaintiff concedes that "general jurisdiction is not at issue" and seeks only to proceed on the basis that this Court has specific jurisdiction. (ECF No. 24 at 5.) Therefore, the Court's discussion will focus on the question of whether it has specific jurisdiction over Defendant Portamix.

B. Does The Court Have Specific Jurisdiction Over Portamix

Specific jurisdiction requires "that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n.15 (4th Cir. 2009); *Universal Leather*, 773 F.3d at 559 (recognizing that the touchstone of the specific jurisdictional inquiry is fairness). A court may exercise specific jurisdiction when "the defendant has purposefully directed [its] activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations and citation omitted). The Fourth Circuit employs a three-prong test to determine whether the exercise of specific jurisdiction comports with the requirements of due process: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims [arose] out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." *Universal

6

*Leather*, 773 F.3d at 559 (alteration in original) (quoting *Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 302 (4th Cir. 2012)). Only if the court finds that the plaintiff has satisfied the purposeful availment prong does the court need to consider the remaining elements of the specific jurisdiction test. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009).

The "purposeful availment" prong of the analysis "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Burger King*, 471 U.S. at 475 (quotations and citation omitted). It is rooted in the concept of minimum contacts and contemplates whether "the defendant's conduct and connection with the forum [s]tate are such that he should reasonably anticipate being haled into court there." *Universal Leather*, 773 F.3d at 559 (alteration in original) (quoting *Fed. Ins. Co. v. Lake Shore, Inc.*, 886 F.2d 654, 658 (4th Cir. 1989)). The analysis is "flexible" and involves a case-by-case consideration of several factors. *Id.* at 560 (quoting *Tire Eng'g*, 682 F.3d at 302). In the business context, courts consider the following non-exhaustive list:

> (1) "whether the defendant maintains offices or agents in the forum state;" (2) "whether the defendant owns property in the forum state;" (3) "whether the defendant reached into the forum state to solicit or initiate business;" (4) "whether the defendant deliberately engaged in significant or long-term business activities in the forum state;" (5) "whether the parties contractually agreed that the law of the forum state would govern disputes;" (6) "whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship;" (7) "the nature, quality and extent of the parties' communications about the business being transacted;" and (8) "whether the performance of contractual duties was to occur within the forum."

*Id.* (quoting *Consulting Eng'rs,* 561 F.3d at 278).

Portamix argues that this Court lacks personal jurisdiction over it because it "has never 'purposefully availed' itself of North Carolina in any fashion." (ECF No. 21 at 11.) On the other hand, Plaintiff contends that he can establish that this Court has specific jurisdiction over Portamix because it purposefully availed itself of the privilege of conducting business in North Carolina by entering the Subject Machine into the stream of commerce. (ECF No. 24 at 5.) According to Plaintiff, Portamix knew orders could come from anywhere in the United States and understood that by selling its product to Unitec, the distributor, its product would likely be present in any U.S. state, including North Carolina. (*Id.* at 6.) Plaintiff uses the Distributor Agreement, (ECF No. 24-3), almost exclusively as outlined above, in support of this contention, (ECF No. 24 at 6–7).

The stream of commerce theory "refers to the movement of goods from manufacturers through distributors to consumers." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881, (2011). The Supreme Court has stated that "a defendant's placing goods into the stream of commerce 'with the expectation that they will be purchased by consumers in the forum State' may indicate purposeful availment." *Id.* at 881–82 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980)). However, as the Court recognized, this theory "does not amend the general rule of personal jurisdiction"; rather, "[i]t merely observes that a defendant may in an appropriate case be subject to jurisdiction without entering the forum." *Id.* at 882. In such a case, the principal inquiry remains "whether the defendant's activities manifest an intention to submit to the power of a sovereign." *Id.* "The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; [because,] as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *Id.* As explained further by the Fourth Circuit,

8

> To permit a state to assert jurisdiction over any person in the country whose product is sold in the state simply because a person must expect that to happen destroys the notion of individual sovereignties inherent in our system of federalism. Such a rule would subject defendants to judgment in locations *based on the activity of third persons and not the deliberate conduct of the defendant*, making it impossible for defendants to plan and structure their business contacts and risks.

*Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945 (4th Cir. 1994) (emphasis added).

Plaintiff argues that "Portamix intended to sell its products in the U.S.A. because it entered into [the Agreement] with Unitec for that express purpose" and that the "Agreement shows that Portamix understood its products could be marketed and shipped throughout the U.S.A." (ECF No. 24 at 6.) Plaintiff further points to Section 5 of the Agreement which provides that:

> [T]he Supplier reserves the right to have the sole control and complete authority to conduct, defend or complete settlement of the action and all negotiations for its settlement or compromise so long as such control and authority does not conflict with or violate any term or condition of Distributor's insurance policies. If required by Distributor's insurance, the Distributor's insurer, not Supplier, shall have the right to control and authority to conduct, defend and settle the action.

(*Id.* at 7 (citing ECF No. 24-3 at 6).) Plaintiff argues that this provision demonstrates that Portamix intended for Unitec to sell its products throughout the United States, knew that Unitec could be sued for distributing its products, and was willing to step into the forum jurisdiction and direct the defense of any such litigation. (*Id.*) This argument misses the mark, however, given that the Supreme Court has made clear that "it is the defendant's actions, not his expectations, that empower a State's courts to subject him to judgment." *Nicastro*, 564 U.S. at 883.

As argued by Portamix, and acknowledged by Plaintiff, Portamix maintained no offices, operations, bank accounts, or employees in North Carolina and was never registered to do business in the state. (ECF No. 21 at 11.) In addition according to the affidavit of Miles Suckley, the Chief Executive of Portamix, the company: (1) does not directly sell, market, or distribute its products in North Carolina; (2) its representatives have never visited North Carolina for the purposes of conducting any business activity; and (3) has never retained a sales representative for North Carolina. (*Id.* at 2.)

Nevertheless, it appears Plaintiff relies on its allegation that Unitec acted as an agent of Portamix. (ECF No. 6 ¶ 19.) Plaintiff asserts that Portamix knew that, to accomplish its sales goals, Unitec would be selling its products in the United States, and it was specifically directing Unitec to sell its products throughout those states. (ECF No. 24 at 7.) However, Plaintiff fails to allege or argue that Portamix itself targeted its business at North Carolina. Further, review of the provision of the Agreement that Plaintiff cites in support of his contention that Portamix directed Unitec to sell its machines actually provides that the Portamix would refer any sales inquiry that it received to the corresponding territory distributor, not that it directed the territorial distributor to sell any potential end machine when it received an inquiry. (*See* ECF No. 24-3 at 3.)

Even accepting Plaintiff's allegations that Unitec acted as an agent of Portamix as true, such allegations do not support Plaintiff's assertion that Portamix purposefully availed itself of doing business in North Carolina. Unitec is a Connecticut corporation and has no principle place of business, offices, or operations in North Carolina, and the machine at issue did not make it to North Carolina through any intentional conduct directed to North Carolina by

10

Portamix. Rather, it appears that it was the activity between Niagra, a Pennsylvania corporation with a satellite in Charlotte, and Plaintiff's employer that resulted in the machine being in the state. (ECF No. 6 ¶¶ 16–20.)

The Court concludes as a matter of law that Plaintiff has failed to establish by a *prima facie* showing, or otherwise, that Portamix had purposely availed itself of doing business in North Carolina which would allow this Court to exercise personal jurisdiction over Portamix. Moreover, Plaintiff has likewise failed to allege sufficient facts in its Amended Complaint which accepted as true demonstrates that this Court has personal jurisdiction over Portamix.

For the reasons outlined herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Defendant Portamix's Motion to Dismiss, (ECF No. 20), is GRANTED and Portamix is dismissed from this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate Portamix as a Defendant in this action.

This, the 22nd day of April 2021.

/s/ Loretta C. Biggs
United States District Judge